IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ORTHOPRO, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1315-L** |
| | § | |
| **ARTHREX, INC.,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Arthrex, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed September 24, 2008. After carefully considering the motion, briefs, record, and applicable law, the court **denies** Defendant Arthrex, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

### I.    Factual and Procedural Background

Plaintiff Orthopro, Inc. ("Plaintiff" or "OrthoPro") filed its original complaint on July 31, 2008, asserting claims for breach of contract, fraud, promissory estoppel, and unjust enrichment against Defendant Arthrex, Inc. ("Defendant" or "Arthrex"), and seeking a constructive trust and accounting, and damages. Plaintiff alleges that its president, Dr. Joseph Berman, conceived and invented several products related to arthroscopic surgical procedures while working for OrthoPro. It contends that Defendant markets medical devices and procedures related to arthroscopic medicine. Plaintiff contends that Defendant has breached a Confidential Non-Disclosure Agreement ("the NDA") signed in January 2000. The NDA was signed by Dr. Berman, on behalf of OrthoPro, and Bill Benavitz, product manager for Arthrex, on behalf of Defendant.

**Memorandum Opinion and Order - Page 1**

Plaintiff contends that Arthrex was interested in two of its inventions, the "Friction Rivet," and the "Suture Snare." OrthoPro alleges that Arthrex was interested in the Suture Snare, and created a formal engineering project and proposed royalty terms to OrthoPro for use of its invention. It alleges that Arthrex then stopped communicating with Plaintiff, but that Defendant eventually began selling products very similar to the Friction Rivet and the Suture Snare.

Plaintiff has brought several claims against Arthrex, but Defendant only moves to dismiss the breach of contract claim. OrthoPro contends that under the NDA, Defendant agreed to compensate Plaintiff if it used any or improved upon any of the disclosed products or apparatus. Plaintiff alleges that Defendant has manufactured a "Push Lock" product, which is a variation or improvement of the Friction Rivet, and that it also sells another product that is based on or an improvement of the Suture Snare. Plaintiff contends that it has not been compensated for Defendant's use of its inventions.

## II.    Legal Standard

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

**Memorandum Opinion and Order - Page 2**

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.   Analysis**

Defendant moves to dismiss Plaintiff's breach of contract claim, and argues that the NDA is not an enforceable contract, but is rather an agreement to agree. It contends that because the NDA

is unenforceable, the court should dismiss Plaintiff's breach of contract claim with prejudice. In response, Plaintiff contends that Defendant's motion is not a motion to dismiss, but rather a motion for summary judgment. It argues that the NDA is valid and enforceable, that Defendant cured any indefiniteness in the contract, and that an open term does not affect its enforceability.

Before reaching the merits of the motion, the court briefly considers Plaintiff's contention that this motion is improper under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendant's motion should be characterized as a motion for summary judgment because it "analyzes the disputed facts that go to the heart of Plaintiff's breach of contract claim," and implies that Defendant has filed its motion in this manner to avoid this court's prohibition of multiple summary judgment motions. Defendant responds that the court may consider documents attached to the complaint on a motion to dismiss brought pursuant to Rule 12(b)(6). Defendant is correct; it is without cavil that the court may consider documents attached to the pleadings when considering a motion for failure to state a claim upon which relief can be granted. *Collins*, 224 F.3d at 498-99. Accordingly, the court may review the NDA in ruling on this motion, but Plaintiff has not provided any basis for it to consider the May 10, 2000 letter from Benavitz to Dr. Berman that it attaches to its response. This letter is not mentioned in the complaint, and there is no basis for the court to take judicial notice of the document. The court will not consider this evidence in ruling on the motion to dismiss, and therefore it does not determine if the letter cured any indefiniteness in the NDA.

Defendant contends that the NDA is an agreement to agree, that the royalty for use of Plaintiff's inventions was not agreed upon, and therefore an essential matter remains open for

consideration and the entire contract is unenforceable. It cites several Florida cases[1] to support its argument that "[w]here essential terms of an agreement remain open, subject to future negotiations, there can be no enforceable contract." *Suggs v. Defranco's, Inc.*, 626 So.2d 1100, 1101 (Fla. Dist. Ct. App. 1993).

Defendant argues that paragraph I.5 of the NDA is a critical provision of the contract that is open for future negotiation. That paragraph states: "If Arthrex considers all or part of said information to have commercial value and potential, the Originator will be compensated by negotiated terms and conditions within a royalty contract in return for an assignment of patent rights to said information from [OrthoPro]." Defendant contends that the lack of a royalty payment amount makes it impossible for the court to fashion a remedy.

Plaintiff argues that other provisions of the NDA are sufficiently definite to create an enforceable contract. Specifically, paragraph I.4 states that "Arthrex will not commercially use any part of said information without prior written consent by [OrthoPro]." Paragraph V states: "Any improvements upon such information whether in design or concept, conceived by either [OrthoPro] or Arthrex or jointly, shall be held as joint property." OrthoPro contends that Defendant breached the NDA in multiple ways, including breaching its obligation to hold Plaintiff's inventions in confidence, failing to prevent disclosure of Plaintiff's inventions, failing to refrain from commercially using Plaintiff's inventions, and not holding as joint property any improvements to Plaintiff's inventions.

Plaintiff also argues that, under Florida law, a contract with open terms in enforceable. It contends that Defendant breached other provisions of the NDA and that the court should not hold

---

[1] The parties agree that Florida law applies pursuant to the NDA.

**Memorandum Opinion and Order - Page 5**

that the entire contract is unenforceable where one party has performed and the other party has benefited from such performance.

The court has carefully reviewed the parties' arguments, cited cases, and the NDA, and it determines that Defendant's reading of the NDA is too narrow and focuses exclusively on paragraphs I.5 and IV.[2] While these paragraphs certainly leave open the question of a future royalty agreement, the contract, read as a whole, clearly creates obligations on both parties to prevent disclosure of confidential information. The cases cited by Defendant are distinguishable because they involve putative contracts where no terms were agreed upon. Here, it is clear that the parties made mutual promises to each other to disclose information so that Arthrex could "evaluate the commercial potential of said information" and "use said information for the purpose of testing, researching, and/or evaluating [its] interest in licensing or developing said information."

The court considers paragraphs I.5 and IV to leave the possible royalty to future agreement, but it is clear that the purpose and effect of the NDA is to allow Arthrex to evaluate the inventions so it could determine if it wished to enter into a later agreement. The NDA itself includes a paragraph, separate and apart from paragraphs I.5 and IV regarding a potential royalty agreement and patent rights, that provides for a remedy for breach of the agreement:

> In the event a party shall violate any of the restrictions, covenants or terms of this Agreement, the breaching party shall be liable for all loss, damages and costs arising from said breach. The non-breaching party shall have the right, in addition to all other available remedies, to injunctive relief and other immediate action. The non-breaching party shall be liable for the payment of the costs and expenses incurred in the enforcement of this Agreement, including reasonable attorney fees.

---

[2] Paragraph IV provides: "If the parties come to an agreement pursuant to paragraph I.5, Arthrex will have the right to patent said information and [OrthoPro] will be named as an inventor on such patent if appropriate." NDA ¶ IV.

**Memorandum Opinion and Order - Page 6**

NDA ¶ III.  Regardless of any possible future agreement, Plaintiff may have damages for Defendant's disclosure of its confidential information.

Considering the contract as a whole, and applying the legal standard set forth by Rule 12(b)(6) and the case law, including *Twombly*, the court determines that Plaintiff has stated a plausible breach of contract claim.  Accordingly, the court **denies** Defendant's motion to dismiss.

## IV.  Conclusion

For the reasons stated herein, the court **denies** Defendant Arthrex, Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

**It is so ordered** this 18th day of May, 2009.

Sam A. Lindsay
United States District Judge